(76 Misc. Rep. 610.)

### In re OWENS.

(Supreme Court, Equity Term, Oswego County.   September, 1911.)

MUNICIPAL CORPORATIONS (§ 217*)—OFFICERS—CIVIL SERVICE.

Under Civil Service Law (Consol. Laws 1909, c. 7) §§ 14, 16, 22, providing that no person shall be transferred to any position subject to competitive examination unless he has passed the competitive examination required, and that no person shall be transferred to a position for original entrance to which there is required an examination of essential tests different from those required for original entrance to the position held by such person, and that, where a position held by an honorably discharged soldier shall be abolished, he shall be transferred to any branch of the service in such position as he may be fitted to fill, an honorably discharged soldier, who had passed the required examination for pumping engineer at the pumping station of a city, and who was appointed pumping engineer, could not, on the abandonment of the plant and the establishment of a new one, and the creation of engineers and firemen at the new one, hold the position of fireman until, by competitive examination, he demonstrated his fitness for the position; such position being in the competitive class.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. § 217.*]

Application of Arthur Owens for a writ of peremptory mandamus to require the Municipal Service Commission of the City of Oswego to enter relator's name in its roster as a fireman and to include his name in the pay rolls certified by the Commission.   Denied.

Francis D. Culkin, for relator.

John R. Pidgeon, for defendant Municipal Civil Service Commission of City of Oswego.

MERRELL, J.   This is an application for a writ of peremptory mandamus requiring the municipal civil service commission of the city of Oswego to convene and enter the name of the relator in its roster as a fireman at the new water pumping station in said city, and by appropriate resolution that said commission direct its secretary to certify to the city chamberlain of the city of Oswego the pay rolls heretofore certified by the department of water of said city containing the name of said relator.   The facts pertinent here are, briefly, as follows:

On December 31, 1906, the relator, an honorably discharged soldier of the Spanish-American War, was duly appointed pumping engineer at the pumping station of the municipal water plant of the said city of Oswego.   The relator's appointment was made from the eligible list certified by the municipal civil service commission of said city; he having theretofore passed the required examination and been found qualified to discharge the duties of such position.   Thereafter, and from the time of his appointment, the said relator performed his duties as such pumping engineer, at a compensation of $50 per month, down to the 9th day of August, 1911, at which time the said position of pumping engineer was abolished by reason of the city of Oswego changing its source of water supply from the Oswego river, where the

relator was employed as pumping engineer, to a lake pumping plant theretofore recently installed. Shortly before the abandonment of the old pumping station on the Oswego river and the change of base of operations to the lake pumping station, the civil service commission of the city of Oswego advertised and conducted an examination for engineer and fireman at the new station. Several candidates appeared at such examination, and as the result thereof certain names were certified to the department of water for the positions of engineers and firemen, and thereupon the department of water appointed two engineers and two firemen from such list so certified to it by the civil service commission. The water department also appointed the relator as a fireman, although the relator did not submit to or pass the examination so held.

The relator contends that, being in the civil service and his position as pumping engineer at the old station having been abolished, under section 22 of the Civil Service Law of the state (Consol. Laws 1909. c. 7), he was entitled to transfer to the position of fireman at the new station at the same compensation that he had previously received as engineer; the relator contending that the position which he sought, and to which he was appointed, was a similar one to the one which he had theretofore held, and was one which he was fitted to fill. Since the appointment of the relator to the new position as fireman, it appears from the evidence submitted that he has satisfactorily performed his duties as such fireman. The municipal civil service commission, however, has refused to certify to the city chamberlain the pay rolls containing the relator's name, and this application is made to compel such certification.

The provision of the Civil Service Law invoked by the relator is contained in section 22, which provides as follows:

" *   *   * If the position so held by any such honorably discharged soldier (Spanish-American War veteran), sailor or marine or volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be *fitted to fill*, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective."

The municipal civil service commission of Oswego questions the right of appointment of the relator to the position of fireman, for the reason that his name was not upon any eligible list for such position.

It appears that the position of fireman at the new pumping station was in the competitive class, and, I think properly, was so recognized by the civil service commission, and an examination of applicants for the position held, and an eligible list duly certified. The duties to be performed as fireman were quite foreign to those previously performed by the relator, and the examination given by the civil service commission was entirely different, covering other and different qualifications of the applicant than that proposed for the position of engineer. It seems to me that the relator was not entitled to be transferred to the

position of fireman without having first passed the examination to the position to which he was so transferred.

By section 14 of the Civil Service Law, relating to the competitive class, the statute provides that such class shall include all positions for which it is practicable to determine the merit and fitness of the applicants by competitive examination, not only all positions then existing, but thereafter created; the statute providing as follows:

" * * * No person shall be appointed or employed under any title not appropriate to the duties to be performed, *and no person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position,* or unless he shall have served with fidelity for at least three years in a similar position."

It seems clear to me that the position of fireman is not "a similar position," within the meaning of the statute, to that of pumping engineer. These words of the statute above quoted seem to me to preclude any transfer of the relator to a position subject to competitive examination without his having previously satisfactorily passed such competitive examination. Section 14 later on provides, as to the examinations, that they shall be public, practical in their character, and shall relate to those matters which will fairly test the relative capacity and fitness of the persons examined to discharge the duties of that service into which they seek to be appointed.

Again, by section 16, the Legislature enacted as to the transfer of a person in the civil service that no person should—

"be promoted or *transferred* to a position for original entrance to which there is required by this chapter or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

It appears that the examination and tests involved as imposed by the civil service commission were far different in the two positions. I therefore conclude that the application of the relator must be denied; that when he was transferred by the water board of the city of Oswego to the position of fireman, it was not a position which he was "fitted to fill," as contemplated by section 22, which, it seems to me, clearly contemplates a civil service fitness, to be ascertained in accordance with the plain requirements of sections 14 and 16, above quoted, by a competitive examination. I think the Legislature intended, when, by section 22, it forbade the veteran's discharge from the public service in the event his position was abolished, that he should remain on the eligible list to be appointed to a similar position to which he had by competitive examination demonstrated his fitness. Section 22 must be read in connection with sections 14 and 16. Any other construction, it would seem to me, would nullify the plain intent of the civil service legislation. Had the water board appointed the relator as one of the pumping engineers at the lake station, his transfer would have been regular, as he had successfully taken the examination for such position, but as an applicant for the position of fireman he had never been examined.

The case of Matter of Gilfillan, 127 App. Div. 846, 111 N. Y. Supp. 808, arising in this Department, is somewhat similar to the case before us, and as to the right to the relator in that case to be transferred Judge Kruse, writing for the court, says:

"Certainly the duties of bookkeeper are not similar to the work done by the relator, *and, besides, the position of bookkeeper is in the competitive class of the civil service.*"

I therefore am of the opinion that the relator cannot insist upon his appointment or the emoluments of the office until he has by competitive examination demonstrated his fitness for the position of fireman.

Application denied, with costs.